JOHN STOUT, Respondent, *v*. C. HILTEBRANT DRY DOCK COMPANY, INC., Appellant.

Third Department, January 9, 1924.

Highways — action to compel defendant to remove obstruction in street — judgment compelling removal of obstruction has been affirmed — defendant will not be allowed to serve supplemental answer setting up facts showing that street is not much used at present — proper remedy is to have street discontinued.

In an action to compel the removal of an obstruction in a public street which divides defendant's property, it appears that the obstruction consists of a fence built across the street during the World War as a war regulation; that defendant's property bordered Rondout creek and the street in question ended at a dock on the creek; that a judgment was obtained by the plaintiff compelling the defendant to remove the obstruction, and that that judgment was affirmed by the Appellate Division and leave to appeal to the Court of Appeals was denied.

*Held*, that the defendant should not be granted permission now to serve a supplemental answer setting up in effect that the dock at the end of the street is no longer used and that that portion of the street cut off by defendant's obstruction is not needed, because new highways have been constructed and are in process of construction which make that portion of the street of little use.

The facts stated cannot overcome the adjudicated fact that the street is a public highway all the way to the Rondout creek and cannot be obstructed by the defendant. The proper remedy of the defendant is to take steps in a legal way to have the portion of the street in question discontinued.

APPEAL by the defendant, C. Hiltebrant Dry Dock Company, Inc., from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Ulster on the 2d day of March, 1923, denying its motion for leave to serve a supplemental answer.

*Amos Van Etten*, for the appellant.

*Chris J. Flanagan* [*Frank W. Brooks* of counsel], for the respondent.

COCHRANE, P. J.:

The defendant operates a shipyard on the south side of the Rondout creek and easterly side of Center street in South Rondout. During the war it was constructing submarine chasers and to enlarge its capacity procured some property on the opposite or westerly side of Center street also abutting on Rondout creek. This property it still holds. It will be seen that it is very much to its advantage to close Center street which divides its property. Center street ends at the creek. During the war the defendant fenced off the lower end of Center street, claiming this was necessary to prevent spies from inspecting its operations. Plaintiff has a house, lot

and store on the corner of Center street and the first street southerly from the creek. He brought this action to cause the defendant to remove the obstructing fence. At the foot of Center street was an old dock at which a yacht plying the waters of the Rondout creek landed for the purpose of receiving and discharging passengers and freight. Plaintiff claimed and established that he used Center street for the purpose of access to this yacht to receive freight and that others did likewise. During the war the proper authorities attempted to discontinue the lower end of Center street as a highway and made an order to that effect but it was ineffectual as against the plaintiff because he did not have notice thereof. Defendant purchased property and opened a new street one block west of Center street which extended to the creek and there the defendant built a new dock where boats could land. The purpose of all this it will be seen was to give the defendant the use of all its property abutting the creek unseparated by said Center street. The case has been tried on the foregoing facts and the court has rendered a judgment requiring the defendant to remove the obstruction, holding in effect that Center street is a public highway, and awarding the plaintiff ten dollars damages. This judgment has been affirmed by this court (202 App. Div. 863). Motions for leave to appeal to the Court of Appeals have been denied by this court and also by the Court of Appeals. Hence it has been firmly and definitely established that Center street to the Rondout creek is a public highway which defendant has no right to obstruct. Since the trial the yacht route mentioned has been abandoned and it appears that boats no longer stop at the old dock at the foot of Center street. It also appears that new highways have been constructed and are in process of construction making South Rondout and the city of Kingston much more accessible to each other. The defendant by this motion seeks to set up these additional facts by way of a supplemental answer. I think its motion was properly denied. These facts cannot overcome the already well-adjudicated fact that Center street is a public highway all the way to the Rondout creek and being such that the defendant cannot obstruct the same. These supplemental facts may constitute an additional reason why the highway should be discontinued but as long as it exists defendant cannot overcome its effect and should not be permitted to obstruct it. The defendant argues, however, that although the plaintiff has technical rights, if it be permitted to plead these additional facts and try the case over it can avail itself of the principle that " an injunction that bears heavily on the defendant without benefiting the plaintiff will always be withheld as oppressive." (*McClure* v. *Leaycraft*, 183 N. Y.

36, 44; *Batchelor* v. *Hinkle*, 210 id. 243, 251; *Cook* v. *Murlin*, 202 App. Div. 552, 560.) Admitting this principle to be true it is inapplicable to the present situation. A judgment has been rendered which has stood the test of the appellate courts and it should not be overthrown as a favor to the defendant, the effect whereof would be merely to allow it to unlawfully obstruct a highway, or in other words to perform an illegal act. Defendant should seek a discontinuance of the highway by lawful and not unlawful methods.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.